IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAURA LEE HAMMOND,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>EM SPECIALISTS, P.A., a Kansas Professional Corporation<br><u>Serve Registered Agent</u>:<br>National Registered Agents, Inc. of Kansas<br>112 S.W. 7th Street<br>Topeka, Kansas 66603<br><br>and<br><br>SHARON L. MATURO, M.D.<br><u>Serve At</u>:<br>Women's Clinic of Johnson County, P.A.<br>5525 West 119th Street, Suite 200<br>Overland Park, Kansas 66209<br><br>and<br><br>CARRIE A. GROUNDS, M.D.<br><u>Serve At</u>:<br>Women's Clinic of Johnson County, P.A.<br>5525 West 119th Street, Suite 200<br>Overland Park, Kansas 66209<br><br>　　　　　　　Defendants. | Case No. 13-cv-2348 RDR/KGS |

## **COMPLAINT**

For her claims and causes of action against Defendants EM Specialists, P.A., Sharon Maturo, M.D., and Carrie Grounds, M.D. (collectively "Defendants"), Plaintiff Maura Lee Hammond states:

5716849 v1

## PARTIES

1. Plaintiff Maura Lee Hammond ("Ms. Hammond"), formerly known as Maura Lee, is an adult person over the age of eighteen.

2. Ms. Hammond is a citizen and resident of Jackson County, Missouri.

3. At all times relevant, Kirsten L. McGuire ("Nurse McGuire") was an Advanced Practice Registered Nurse licensed by the State of Kansas. Nurse McGuire provided medical care and treatment to patients, such as Ms. Hammond, in the Emergency Department of Shawnee Mission Medical Center, located at 9100 West 74th Street, Shawnee Mission, Kansas, and was the servant, employee and/or agent of Defendant EM Specialists, P.A., a Kansas professional health care corporation. Nurse McGuire held herself out as a health care provider specializing in emergency medicine.

4. At all times relevant, Defendant EM Specialists, P.A., was and is a Kansas professional corporation, duly organized and existing under the law of the State of Kansas and engaged in providing medical care and treatment in the Emergency Department of Shawnee Mission Medical Center, located at 9100 West 74th Street, Shawnee Mission, Kansas, to patients such as Ms. Hammond. Defendant EM Specialists, P.A., can be served through its Registered Agent, National Registered Agents, Inc. of Kansas, 112 S.W. 7th Street, Topeka, Kansas 66603.

5. Defendant Sharon Maturo, M.D. ("Dr. Maturo") is a physician licensed by the State of Kansas practicing in the area of obstetrics and gynecology in Johnson County, Kansas. Dr. Maturo is a citizen and resident of Kansas.

6. Defendant Carrie Grounds, M.D., ("Dr. Grounds") is a physician licensed by the State of Kansas practicing in the area of obstetrics and gynecology in Johnson County, Kansas. Dr. Grounds is a citizen and resident of Kansas.

5716849 v1

7. Both Dr. Grounds and Dr. Maturo are employees, owners and/or agents of the Women's Clinic of Johnson County, P.A., a Kansas professional health care corporation, located at 5525 West 119th Street, Overland Park, Kansas. Dr. Grounds and Dr. Maturo see and treat patients from time to time at hospitals located in Johnson County, Kansas, including the Shawnee Mission Medical Center. Both Dr. Grounds and Dr. Maturo can be served at the Women's Clinic of Johnson County, P.A., 5525 West 119th Street, Suite 200, Overland Park, Kansas 66209.

## JURISDICTION AND VENUE

8. This Court has proper subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332(a)(1), as this action is between citizens of different states and the amount in controversy exceeds the sum $75,000, exclusive of interest and costs.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a), as all the Defendants reside in this judicial district and the acts and omissions giving rise to Ms. Hammond's claims occurred in this judicial district.

## AGENCY

10. At all times relevant, Nurse McGuire was the agent and/or employee of Defendant EM Specialists, P.A. and was acting within the course and scope of her agency and employment with Defendant EM Specialists, P.A. when she provided medical care and treatment to Ms. Hammond. At all times relevant, Defendant EM Specialists, P.A. was acting by and through its employee and/or agent, Nurse McGuire, in providing medical care and treatment to Ms. Hammond. Defendant EM Specialists, P.A., is vicariously liable for the acts and omissions of its employee and/or agent, Nurse McGuire, and is legally responsible for any injuries and damages caused to Ms. Hammond by her negligence.

## GENERAL ALLEGATIONS

11. On July 9, 2012, Ms. Hammond presented for care and treatment to the Emergency Department of Shawnee Mission Medical Center, located at 9100 West 74th Street, Shawnee Mission, Kansas, with complaints of severe right lower abdominal pain.

12. Following her arrival at the Emergency Department, Ms. Hammond was examined, evaluated, and treated by Nurse McGuire. While a patient in the Emergency Department, Ms. Hammond was under the management, control and care of Nurse McGuire. Ms. Hammond was not examined or evaluated in the Emergency Department by a medical doctor.

13. Following her evaluation, Nurse McGuire diagnosed Ms. Hammond as having an ovarian cyst.

14. Dr. Maturo was contacted by Nurse McGuire, and Ms. Hammond was admitted by Dr. Maturo to Shawnee Mission Medical Center on July 9, 2012, for pain control.

15. Following her admission on July 9, 2012, Ms. Hammond was examined by Dr. Maturo at Shawnee Mission Medical Center. Dr. Maturo diagnosed Ms. Hammond as having right lower quadrant abdominal pain, hemorrhagic right ovarian cyst, and urinary tract infection.

16. On July 10, 2012, Ms. Hammond was examined by Dr. Grounds at Shawnee Mission Medical Center. Dr. Grounds then ordered the discharge of Ms. Hammond from Shawnee Mission Medical Center, with the discharge diagnoses of right lower quadrant abdominal pain, abdominal pain, and ovarian cyst.

17. Throughout Ms. Hammond's admission at Shawnee Mission Medical Center, Defendants advised Ms. Hammond that her right lower quadrant pain was the result of an ovarian cyst. Defendants failed to properly evaluate Ms. Hammond for appendicitis, even though her presentation, vital signs, and laboratory results were indicative of appendicitis and required

Defendants to rule out appendicitis. After being discharged from Shawnee Mission Medical Center on July 10, 2012, Ms. Hammond suffered a ruptured appendix.

18. Following her discharge on July 10, 2012, from Shawnee Mission Medical Center by Dr. Grounds, Ms. Hammond was seen on July 16, 2012, for complaints of ongoing abdominal pain by Jessie Holmes, M.D., ("Dr. Holmes) at the medical offices of the Women's Clinic of Johnson County.

19. When seen by Dr. Holmes on July 16, 2012, Ms. Hammond was found to have an acute abdomen, with abdominal pain in her right lower quadrant. A pelvic sonogram revealed that Ms. Hammond's posterior cul-de-sac was filled with fluid. Dr. Holmes ordered an immediate diagnostic laparoscopy and the evacuation of fluid found by ultrasound in Ms. Hammond's pelvis.

20. Dr. Holmes' believed that Ms. Hammond might have a ruptured appendix and made arrangements for a general surgeon to be available during the diagnostic laparoscopy. On July 16, 2012, Dr. Holmes noted in the medical record "I do not think we have time for CT scan to exclude appy further as she does have an acute abdomen now." Ms. Hammond was immediately admitted to Menorah Medical Center and underwent a diagnostic laparoscopy by Dr. Holmes.

21. During the diagnostic laparoscopy performed by Dr. Holmes on July 16, 2012, Dr. Holmes found that Ms. Hammond had suffered a ruptured appendix. Dr. Holmes' Post Operative Diagnoses were acute appendicitis with ruptured appendix and surrounding abscess, and lacerations of the small bowel.

22. Upon finding the ruptured appendix on July 16, 2012, the laparoscopy was converted to a laparotomy. Dr. Steven Behrends ("Dr. Behrends"), a general surgeon, was

5

contacted and emergently performed an exploratory laparotomy with drainage of intra-abdominal abscess, appendectomy and the closure of several lacerations of the small bowel. Dr. Behrends' Post Operative Diagnoses were acute appendicitis with perforation and abscess, and lacerations of the small bowel.

23. Ms. Hammond required continual hospitalization at Menorah Medical Center from July 16, 2012, through August 2, 2012. Ms. Hammond's discharge diagnosis was ruptured appendix with peritonitis. During this admission at Menorah Medical Center, Ms. Hammond underwent multiple additional surgeries, medical procedures, blood transfusions, the administration of broad-spectrum antibiotics, and CT scans and x-rays. Ms. Hammond underwent an exploratory laparotomy on July 23, 2012, by Dr. Behrends, with drainage of an intra-abdominal abscess and the closure of a laceration of the sigmoid colon, and an Upper GI Endoscopy by Dr. S. Faisal Jafri on July 25, 2012, for an acute severe GI bleed.

24. On August 10, 2012, Ms. Hammond again required admission to Menorah Medical Center for recurrent abdominal pain, nausea, diarrhea, and vomiting. During this hospital admission she was given IV Fluids, IV antibiotics and had consults with various medical specialists. Ms. Hammond was discharged from Menorah Medical Center on August 13, 2012.

25. After her discharge from Menorah Medical Center, Ms. Hammond had necessary follow-up office visits with Dr. Patricia Dandache, a specialist in Infectious Disease, and Dr. Jefferey Cameron, a general surgeon, for additional treatment for the complications of peritonitis and pelvic abscess caused by her ruptured appendix.

### COUNT I – MEDICAL NEGLIGENCE –EM SPECIALISTS, P.A.

26. Ms. Hammond incorporates by reference Paragraphs 1 through 25 above as if fully set forth herein.

27. Nurse McGuire, acting as the agent and/or employee of Defendant EM Specialists, P.A., owed to Ms. Hammond a duty to exercise that degree of skill and learning ordinarily exercised by members of her profession under the same or similar circumstances.

28. Defendant EM Specialists, P.A., by and through the actions and omissions of Nurse McGuire, breached its duty of care to Ms. Hammond and was thereby negligent in one or more of the following respects:

- (a) Failed to properly diagnose that Ms. Hammond was suffering from appendicitis;
- (b) Failed to properly treat Ms. Hammond for appendicitis;
- (c) Failed to properly appreciate that Ms. Hammond's presentation, vital signs, and laboratory results were caused by appendicitis rather than an ovarian cyst;
- (d) Failed to take the appropriate actions to timely and properly evaluate, diagnose, and treat Ms. Hammond's appendicitis;
- (e) Failed to perform the appropriate physical examinations, diagnostic studies and medical consults necessary to diagnose Ms. Hammond's appendicitis;
- (f) Failed to take the appropriate and necessary actions to rule in or rule out whether Ms. Hammond was suffering from appendicitis;
- (g) Failed to refer Ms. Hammond to a specialist for examination, management and treatment of her complaints;
- (h) Failed to properly determine the source of Ms. Hammond's symptoms;
- (i) Failed to properly manage and/or direct Ms. Hammond's medical care and treatment; and
- (j) Failed to treat Ms. Hammond in accordance with the appropriate standards of medical care.

29. As a direct and proximate result of the negligence of EM Specialists, P.A., Ms. Hammond suffered the following injuries and damages:

- (a) She was caused to suffer a ruptured appendix with peritonitis and pelvic abscess;

(b) She was required to undergo multiple surgeries, including, but not limited to, diagnostic laparascopy, exploratory laparotomies and an upper GI endoscopy;

(c) She was required to have multiple hospitalizations at Menorah Medical Center for treatment of complications caused by her ruptured appendix with peritonitis;

(d) She was required to have ongoing medical treatment, medical consults, blood transfusions, IV antibiotics and CT scans and other radiological studies in order to treat the complications caused by her ruptured appendix with peritonitis;

(e) She developed systemic infection, peritonitis, and pelvic abscess as a result of her ruptured appendix;

(f) She sustained lacerations to her small bowel and sigmoid colon;

(g) She has suffered permanent scarring and disfigurement of her abdomen;

(h) She has been caused significant physical pain and mental anguish; and

(i) She has been forced to incur reasonable and necessary incidental expenses, and medical expenses, including, but not limited to, hospital bills, physician bills and other related expenses for necessary medical treatment.

WHEREFORE, Plaintiff Maura Lee Hammond prays for judgment against Defendant EM specialists, P.A. in an amount in excess of $75,000, for her costs incurred herein and for such other and further relief as the Court may deem just and proper.

### **COUNT II – MEDICAL NEGLIGENCE – DR. SHARON MATURO**

30. Plaintiff incorporates by reference Paragraphs 1 through 29 above as if fully set forth herein.

31. Dr. Maturo owed a duty to Ms. Hammond to exercise that degree of skill and learning ordinarily exercised by members of her profession under the same or similar circumstances.

32. Dr. Maturo breached her duty of care to Ms. Hammond and was thereby negligent in one or more of the following respects:

8

(a) She failed to properly diagnose that Ms. Hammond was suffering from appendicitis;

(b) She failed to properly treat Ms. Hammond for appendicitis;

(c) She failed to properly appreciate that Ms. Hammond's presentation, vital signs, and laboratory results were caused by appendicitis rather than an ovarian cyst;

(d) She failed to take the appropriate actions to properly evaluate and diagnose and treat Ms. Hammond's appendicitis;

(e) She failed to perform the appropriate physical examinations, diagnostic studies and medical consults necessary to diagnose Ms. Hammond's appendicitis;

(f) She failed to take the appropriate and necessary actions to rule in or rule out whether Ms. Hammond was suffering from appendicitis;

(g) She permitted Ms. Hammond to be discharged from Shawnee Mission Medical Center while suffering from appendicitis;

(h) She failed to refer Ms. Hammond to a specialist for examination, management and treatment of her complaints;

(i) She failed to properly determine the source of Ms. Hammond's symptoms;

(j) She failed to properly manage and/or direct Ms. Hammond's medical care and treatment; and

(k) She failed to treat Ms. Hammond in accordance with the appropriate standards of medical care.

33. As a direct and proximate result of Dr. Maturo's negligence, Ms. Hammond has suffered the following injuries and damages:

(a) She was caused to suffer a ruptured appendix with peritonitis and pelvic abscess;

(b) She was required to undergo multiple medical procedures and surgeries, including, but not limited to, diagnostic laparascopy, exploratory laparotomies and an upper GI endoscopy;

(c) She was required to have multiple hospitalizations at Menorah Medical Center for treatment of complications caused by her ruptured appendix with peritonitis;

9

 (d) She was required to have ongoing medical treatment, medical consults, blood transfusions, IV antibiotics and CT scans and other radiological studies in order to treat the complications caused by her ruptured appendix with peritonitis;

 (e) She developed systemic infection, peritonitis and pelvic abscess as a result of her ruptured appendix;

 (f) She sustained lacerations to her small bowel and sigmoid colon;

 (g) She has suffered permanent scarring and disfigurement to her abdomen;

 (h) She has been caused significant physical pain and mental anguish; and

 (i) She has been forced to incur reasonable and necessary incidental expenses, and medical expenses, including, but not limited to, hospital bills, physician bills and other related expenses for necessary medical treatment.

WHEREFORE, Plaintiff Maura Lee Hammond prays for judgment against Defendant Sharon Maturo, M.D., in an amount in excess of $75,000, for her costs incurred herein and for such other and further relief as the Court may deem just and proper.

## COUNT III – MEDICAL NEGLIGENCE – DR. GROUNDS

34. Plaintiff incorporates by reference Paragraphs 1 through 33 above as if fully set forth herein.

35. Dr. Grounds owed a duty to Ms. Hammond to exercise that degree of skill and learning ordinarily exercised by members of her profession under the same or similar circumstances.

36. Dr. Grounds breached her duty of care to Ms. Hammond and was thereby negligent in one or more of the following respects:

 (a) She failed to properly diagnose that Ms. Hammond was suffering from appendicitis;

 (b) She failed to properly treat Ms. Hammond for appendicitis;

    (c)    She failed to properly appreciate that Ms. Hammond's presentation, vital signs, and laboratory results were caused by appendicitis rather than an ovarian cyst;

    (d)    She failed to take the appropriate actions to properly evaluate and diagnose Ms. Hammond's appendicitis;

    (e)    She failed to perform the appropriate physical examinations, diagnostic studies and medical consults necessary to diagnose and treat Ms. Hammond's appendicitis;

    (f)    She failed to take the appropriate and necessary actions to rule in or rule out whether Ms. Hammond was suffering from appendicitis;

    (g)    She discharged Ms. Hammond from Shawnee Mission Medical Center while she was suffering from appendicitis;

    (h)    She failed to refer Ms. Hammond to a specialist for examination, management and treatment of her complaints;

    (i)    She failed to properly determine the source of Ms. Hammond's symptoms;

    (j)    She failed to properly manage and/or direct Ms. Hammond's medical care and treatment; and

    (k)    She failed to treat Ms. Hammond in accordance with the appropriate standards of medical care.

37.    As a direct and proximate result of Dr. Grounds' negligence, Ms. Hammond has suffered the following injuries and damages:

    (a)    She was caused to suffer a ruptured appendix with peritonitis and pelvic abscess;

    (b)    She was required to undergo multiple medical procedures and surgeries, including, but not limited to, diagnostic laparascopy, exploratory laparotomies and an upper GI endoscopy;

    (c)    She was required to have multiple hospitalizations at Menorah Medical Center for treatment of complications caused by her ruptured appendix with peritonitis;

    (d)    She was required to have ongoing medical treatment, medical consults, blood transfusions, IV antibiotics and CT scans and other radiological studies in order to treat the complications caused by her ruptured appendix with peritonitis;

5716849 v1

  (e)  She developed systemic infection, peritonitis and pelvic abscess as a result of her ruptured appendix;

  (f)  She sustained lacerations to her small bowel and sigmoid colon;

  (g)  She has suffered permanent scarring and disfigurement to her abdomen;

  (h)  She has been caused significant physical pain and mental anguish; and

  (i)  She has been forced to incur reasonable and necessary incidental expenses, and medical expenses, including, but not limited to, hospital bills, physician bills and other related expenses for necessary medical treatment.

WHEREFORE, Plaintiff Maura Lee Hammond prays for judgment against Defendant Carrie Grounds, M.D., in an amount in excess of $75,000, for her costs incurred herein and for such other and further relief as the Court may deem just and proper.

SHOOK, HARDY & BACON L.L.P.

By: /s/ Michael D. Moeller
  Michael D. Moeller, KS#15147
  Niles S. Corson, KS#70371

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547
mmoeller@shb.com
ncorson@shb.com
Attorneys for Plaintiff

12

5716849 v1

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, by and through undersigned counsel, designates Kansas City, Kansas, as the place for trial of this matter pursuant to Local Rule 40.2

SHOOK, HARDY & BACON L.L.P.

By: /s/ Michael D. Moeller
Michael D. Moeller, KS#15147
Niles S. Corson, KS#70371

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547
mmoeller@shb.com
ncorson@shb.com
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, hereby demands a trial by jury in the above-captioned matter.

SHOOK, HARDY & BACON L.L.P.

By: /s/ Michael D. Moeller
Michael D. Moeller, KS#15147
Niles S. Corson, KS#70371

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547
mmoeller@shb.com
ncorson@shb.com
Attorneys for Plaintiff