## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MAURA HAMMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-2348-KGS |
| | ) | |
| EM SPECIALISTS, PA, | ) | |
| *a Kansas Professional Corporation*, | ) | |
| SHARON L. MATURO, M.D., and | ) | |
| CARRIE A. GROUNDS, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS IN LIMINE

This matter comes before the court upon Plaintiff's Motion in Limine (ECF No. 78),

Defendant EM Specialists P.A.'s Motions in Limine (ECF No. 74), and Defendants Sharon L.

Maturo, M.D., and Carrie A. Grounds, M.D.'s Motions in Limine (ECF No. 77).  On July 1,

2015, the parties submitted a written statement to the court regarding their efforts to resolve the

motions in limine, which included the withdrawal of several motions, as noted below. The court

addresses each of the motions below.

Motions in limine "aid the trial process by enabling the Court to rule in advance of trial

on the relevance of certain forecasted evidence, as to issues that are definitely set for trial,

without lengthy argument at, or interruption of, the trial."[1]  However, the court is often better

situated during trial to determine the value and utility of evidence, and therefore, "some courts

defer making in limine rulings unless the evidence is clearly inadmissible on all potential

grounds."[2]

---

[1] *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotations omitted).

[2] *Koch v. Koch Indus., Inc.*, 2 F. Supp. 2d 1385, 1388 (D. Kan. 1998).

"Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial."[3]  Additionally, a ruling in limine does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial."[4]  At trial, the court may alter its limine ruling based on developments at trial or on its sound judicial discretion.[5]

**A.      Ms. Hammond's Motion in Limine (ECF No. 78)**

**1.   References to the size and clients of the law firm representing Ms. Hammond**

Ms. Hammond asks the court to exclude any comments from defense counsel—either directly or indirectly—regarding the size of Ms. Hammond's counsel's law firm, the firm's past or present clients, or any other irrelevant attributes of Ms. Hammond's counsel's firm. Defendants do not object to this request. Therefore, Ms. Hammond's motion is granted, and the court excludes any comments from defense counsel—either directly or indirectly—regarding the size of Ms. Hammond's counsel's law firm, the firm's past or present clients, or any other irrelevant attributes of Ms. Hammond's counsel's firm.

**2.   Counsel's references to death or illness of family members or personal conclusions regarding the care or treatment of such family members**

Ms. Hammond asks the court to exclude statements by defense counsel of their own personal losses of loved ones. Ms. Hammond argues that pursuant to Fed. R. Evid. 403, the danger of unfair prejudice outweighs any potentially relevance. EFM Specialists does not object to this request. Drs. Maturo and Grounds state they generally agree with the request but believe that it is drafted so vaguely as to include both permissible and impermissible arguments. Drs.

---

[3] *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F. Supp. 1398, 1401 (N.D. Ill. 1993).

[4] *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) (internal quotations omitted).

[5] *Luce v. United States*, 469 U.S. 38, 41 (1984).

Maturo and Grounds, however, do not specify what relevant evidence or arguments could be encompassed by the request to exclude. It does not appear to the court that counsel's statements concerning the deaths or illnesses of counsel's own family members or the care and treatment of counsel's family members would be relevant to any issues in this case. Therefore, the court grants Ms. Hammonds' request that these statements be excluded.

### 3.  Opinion testimony by defendants

Ms. Hammond has informed the court that she withdraws this motion.

### 4.  Defendants' cumulative expert witness testimony

Ms. Hammond has informed the court that she withdraws this motion.

### 5.  Suggestions of tort reform or a tort crisis or that this case affects Kansas physicians

Ms. Hammond asks that the court exclude statements regarding the effect of this trial on Kansas physicians, any indication that this trial could affect the medical community or jurors' access to healthcare, or any comments regarding a tort crisis. EM Specialists does not object to this request, but Drs. Maturo and Grounds argue that the request is drafted so vaguely that, if granted, would prohibit both permissible and impermissible statements. Specifically, Drs. Maturo and Grounds seek to ask potential jurors about their knowledge of the "medical malpractice crisis" during voir dire. The court recognizes that some questions regarding prospective jurors' views on tort reform would be appropriate to determine whether they have opinions that would affect their ability to be unbiased. However, inflammatory words or phrases such as "medical malpractice crisis" or suggestions that this case would have far-reaching impacts on the health care system or jurors' access to health care are irrelevant and prejudicial to Ms. Hammond and should be excluded. Ms. Hammond's request to exclude these statements is granted insofar as the court directs counsel not to use inflammatory language when asking jurors

during voir dire about their views on personal-injury suits, tort reform, or similar topics. During

trial, all parties shall refrain from discussing the effect of this trial on Kansas physicians, any

indication that this trial could affect the medical community or jurors' access to healthcare, or

any comments regarding a tort crisis. Ms. Hammond's request to exclude is granted in part.

### 6. Testimony regarding whether Ms. Hammond sought timely medical treatment following her discharge that is not adequately supported by competent evidence

Ms. Hammond seeks an order excluding any statements suggesting she failed to seek

timely treatment following her discharge at Shawnee Mission Medical Center. She argues

defendants have failed to present competent evidence showing the alleged failure to seek care

and treatment caused or contributed to her injuries. Defendants oppose this request—essentially

arguing that they have competent evidence to support this theory. Because the court cannot

resolve this issue on the present record, Ms. Hammond's request to exclude these statements is

denied without prejudice. She may make a renewed motion at trial.

### 7. Character evidence

Ms. Hammond seeks an order excluding character evidence of any party in this case. As

an example, she states that defendants should not be allowed to present evidence or testimony

regarding their medical reputations or activities in the community because these subjects have no

bearing on the relevant issues in the case. Defendants do not oppose the request. Therefore, the

court grants Ms. Hammond's request to exclude character evidence.

## B.  EM Specialists' Motions in Limine (ECF No. 74)[6]

### 1. Statements by Ms. Hammond's family members concerning the possibility that she could die

---

[6] Codefendants Drs. Maturo and Grounds join in EM Specialists' motions in limine.

4

EM Specialists asks the court to exclude any statements by Ms. Hammond's family members that it was a possibility Ms. Hammond could die, statements concerning administration of last rites, or testimony concerning how Ms. Hammond's condition has affected them emotionally. EM Specialists argues this testimony lacks foundation and is prejudicial to the defendants. Ms. Hammond opposes the motion. She argues that under Fed. R. Evid. 701, these lay witnesses are permitted to give this type of opinion testimony. Rule 701 requires this type of opinion testimony to be "(a) rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Without knowing the exact testimony the witnesses plan to give, whether it is rationally based on the witnesses' perceptions, and the issues to which this testimony is relevant, the court lacks the information necessary to rule on this request. While this testimony may ultimately be excluded under Fed. R. Evid. 403 if its probative value is substantially outweighed by the danger of unfair prejudice, the court will be in a better position to make that determination at the time of trial. The court denies without prejudice the request to limit this testimony at this time. Defendants may make a renewed objection at trial.

### 2. Statements by Ms. Hammond and her family members concerning the possibility that she might not be able to bear children

EM Specialists makes a similar request with respect to testimony concerning Ms. Hammond's future ability to bear children. Ms. Hammond has now informed the court that she withdraws her opposition to this request. Accordingly, the court grants the request to exclude the testimony of Ms. Hammond's family members concerning her future ability to bear children.

### 3. Hearsay statements by Ms. Hammond and her family members concerning the amount of fluid removed from her abdomen during the appendectomy

EM Specialists seeks an order excluding hearsay testimony by Ms. Hammond and her family members regarding the amount of fluid Ms. Hammond's physicians said was removed from her abdomen during her appendectomy. Ms. Hammond does not dispute the general rule that hearsay is inadmissible unless one of the exceptions to the hearsay rule applies. Rather than enter an order merely restating the hearsay rule and exceptions thereto, the court denies without prejudice the request to exclude these statements. The court will be in a better position to evaluate specific hearsay objections at trial. Defendants may make renewed objections at trial.

### 4. Statements by Ms. Hammond's family members related to how her condition affected and impacted them

EM Specialists states Ms. Hammond's family members gave deposition testimony that her medical condition was difficult for them and other family members and that Ms. Hammond's husband testified that he was so uncomfortable with her pain level that he vomited. EM Specialists argues this information should be excluded as irrelevant. Ms. Hammond argues that the information is relevant because fact witnesses are allowed to testify as to Ms. Hammond's medical condition, treatment, emotional state, pain and suffering, and other injuries. She further argues the impact of her medical care on her lifestyle and marriage is relevant to the damages claim in this case. The court agrees with both parties. Testimony concerning fact witnesses' observations of Ms. Hammond's condition appears relevant to damages, but Ms. Hammond has failed to set forth an argument as to how the impact of her condition on her family members would bear upon issues in this case. For example, Ms. Hammond's husband may testify about his own observations regarding her pain level, but the fact that her pain level caused him to vomit does not appear relevant. For this reason, EM Specialists' request to exclude this evidence is granted.

**5. Any and all expert opinions offered by Ms. Hammond that were not set forth in her expert's Rule 26 report or deposition**

EM Specialists ask the court to exclude expert testimony not previously disclosed. Ms. Hammond has now informed the court that she does not oppose this request. The court will apply applicable procedural and evidentiary rules concerning the admission of expert testimony. The court declines to issue an order merely restating the applicable Federal Rules of Civil Procedure or the Federal Rules of Evidence. All parties may raise specific objections during trial, and the court will take them up at that time.

**6. Evidence of malpractice insurance**

EM Specialists asks the court to prohibit Ms. Hammond from offering into evidence, referring to, or otherwise alluding to facts indicating that defendants are insured. Ms. Hammond does not oppose this request. The court therefore prohibits Ms. Hammond from offering evidence of malpractice insurance into evidence or making statements suggesting defendants are insured. This order does not encompass testimony or evidence that one of the defense experts served on the board of directors for a medical malpractice insurance company. This information bears upon potential bias.

**7. Testimony by Ms. Hammond or her family that falls within the purview of an expert witness**

EM Specialists requests that the court exclude testimony by Ms. Hammond or her family that falls within the purview of an expert witness. EM Specialists points to deposition testimony of Ms. Hammond's mother where she suggested that the nurse practitioner had "dropped the ball" by not "problem solving . . . because they found an ovarian cyst." Ms. Hammond does not oppose the request to exclude lay witness testimony that would require scientific, technical, or other specialized knowledge that is beyond the knowledge of a lay person. However, she opposes

this request to the extent that attempts to prohibit fact witnesses from offering opinions rationally based on their perceptions. The court does not construe EM Specialists' request as encompassing this type of testimony. EM Specialists' request is granted insofar as the court will apply Fed. R. Evid. 701, governing opinion testimony by lay witnesses. As the rule states, lay witnesses may not give opinions based on scientific, technical, or other specialized knowledge within the scope of an expert opinion.[7] Without knowing the exact nature of these fact witnesses' testimony and upon what the testimony is based, the court declines to issue a more specific order at this juncture. Defendants may raise specific objections during trial.

**8. Misstatements concerning the standard of care**

EM Specialists asks the court to exclude Ms. Hammond or her counsel from asking questions or making statements implying or suggesting that defendants should be held to a "safety" standard of care—that defendants should have made decisions based on what was safest for Ms. Hammond. Ms. Hammond has now informed the court that she does not oppose this request. Accordingly, the court prohibits Ms. Hammond or her counsel from asking questions or making statements implying or suggesting that defendants should be held to a "safety" standard of care.

**9. Questions or statements suggesting defense experts must be 100 percent certain in their opinions**

EM Specialists requests the court prohibit Ms. Hammond or her counsel from asking any questions or making any statements implying or suggesting that defendants' experts must be 100 percent certain in their medical opinions or that these opinions must be based on a higher certainty than reasonable medical probability. Ms. Hammond has now informed the court that she does not oppose this request. Accordingly, all parties are prohibited from asking questions or

---

[7] Fed. R. Evid. 701(c).

making statements suggesting expert witnesses must be 100 percent certain in their medical opinions or that these opinions must be based on a higher certainty than reasonable medical probability.

**C.    Dr. Maturo and Dr. Grounds' Motions in Limine (ECF. No. 77)[8]**

**1.   Evidence of malpractice insurance**

Drs. Maturo and Grounds ask the court to prohibit Ms. Hammond from offering into evidence, referring to, or otherwise alluding to facts indicating that defendants are insured. Ms. Hammond does not oppose this request. The court therefore prohibits Ms. Hammond from offering evidence of malpractice insurance into evidence or making statements suggesting defendants are insured. This order does not encompass testimony or evidence that one of the defense experts served on the board of directors for a medical malpractice insurance company. This information bears upon potential bias.

**2.   Evidence of salaries or compensation**

Drs. Maturo and Grounds ask the court to prohibit Ms. Hammond from introducing evidence of or relating to defendants' salaries or compensation as medical doctors. Ms. Hammond does not oppose this request. The court therefore prohibits Ms. Hammond from offering evidence of or relating to defendants' salaries or compensation into evidence.

**3.   Evidence of financial or social status**

Drs. Maturo and Grounds ask the court to prohibit Ms. Hammond from referencing Defendants' financial or social status or net worth. Ms. Hammond does not oppose this request. The court therefore prohibits Ms. Hammond from referencing defendants' financial or social status or net worth.

---

[8] Codefendant EM Specialists joins in Drs. Maturo and Grounds' motions in limine.

#### 4.    Expert opinions offered by fact witnesses

Drs. Maturo and Grounds request that the court exclude testimony from fact witnesses not identified to offer expert opinions, or otherwise have no medical or specialized training from testifying about: what they perceive as medically significant features about plaintiff's physical or mental conditions, the causes of plaintiff's condition, or present or future medical needs of plaintiff. Ms. Hammond opposes the motion to the extent it encompasses fact witnesses' testimony rationally based on their perception. As previously stated, the court will apply Fed. R. Evid. 701 regarding opinion testimony by lay witnesses. As the rule states, witnesses not testifying as experts may not give opinions based on scientific, technical, or other specialized knowledge within the scope of an expert opinion.[9] Without knowing the exact nature of these fact witnesses' testimony and upon what the testimony is based, the court declines to issue a more specific order at this juncture. Defendants may raise specific objections during trial.

#### 5.    Statements regarding the importance of this case

Drs. Maturo and Grounds ask the court to prohibit Ms. Hammond's counsel from making statements concerning the importance of this case or how honored he is to represent Ms. Hammond.  Ms. Hammond does not oppose this request. The court therefore prohibits all counsel from making statements concerning the importance of this case or how honored they are to represent their clients.

#### 6.    Testimony or statements of plaintiff's counsel regarding the "standard of care" or causation not supported by expert testimony

Dr. Maturo and Dr. Grounds seek an order excluding testimony or statements of Ms. Hammond's counsel regarding the "standard of care" or "causation" not supported by proper expert testimony.  Ms. Hammond has now informed the court she does not oppose this request.

---

[9] Fed. R. Evid. 701(c).

Accordingly, all parties are prohibited from eliciting testimony or making statements concerning the standard of care or causation that are not supported by proper expert testimony.

**7.  Testimony or statements of plaintiff's counsel relating to standard of care, causation, or damages opinions beyond those disclosed in plaintiff's expert designation and confirmed at the deposition of plaintiff's expert**

Drs. Maturo and Grounds request that the court preclude Ms. Hammond from expanding on the opinions of her experts and also preclude her experts from expanding or changing their opinions regarding causation or medical expense damages. Ms. Hammond now informs the court that she does not oppose this request. The court grants the request to exclude and precludes all parties from expanding on the opinions of experts or eliciting testimony from experts that would represent a change in their expert opinions.

**8.  Statements by Ms. Hammond's family members related to how her condition affected and impacted them**

This request to exclude is nearly identical to EM Specialists' request to exclude addressed in Section B4. For the same reasons previously outlined, testimony concerning fact witnesses' observations of Ms. Hammond's condition appears relevant, particularly to the issue of damages, but Ms. Hammond has failed to set forth an argument as to how the impact of her condition on her family members would bear upon issues in this case. For this reason, defendants' request to exclude this evidence is granted.

**9.  Evidence or statements referencing or suggesting the existence of any prior claims or lawsuits against  any of the defendants**

Dr. Maturo and Dr. Grounds ask the court to prohibit Ms. Hammond from introducing evidence relating to other alleged wrongdoings, claims made, or civil actions filed against defendants.  Ms. Hammond does not oppose this request. The court therefore prohibits Ms.

Hammond from introducing evidence relating to other alleged wrongdoings, claims made, or civil actions filed against defendants.

**10. Evidence or statements of plaintiff's counsel relating to claims or lawsuits against any of defendants' expert witnesses**

Drs. Maturo and Grounds ask the court to prohibit Ms. Hammond from referencing claims or lawsuits asserted against any expert witness expected to testify on behalf of any defendant. Ms. Hammond does not oppose this request. The court therefore prohibits Ms. Hammond from referencing claims or lawsuits asserted against any expert witness expected to testify on behalf of any defendant.

**11. Evidence or statements of plaintiff's counsel relating to any medical bill that does not represent actual loss or damages**

Drs. Maturo and Grounds request that the court preclude Ms. Hammond from introducing evidence of any portion of a bill that has been contractually adjusted, reduced, or otherwise written off because these amounts are not part of Ms. Hammond's damages. The parties expect to prepare a stipulation on damages, reflecting the amounts billed and the amounts paid. Ms. Hammond states that she generally does not oppose this request but reserves the right to later challenge this request should the parties not reach stipulation regarding damages. Drs. Maturo and Grounds' request is granted insofar as the court precludes Ms. Hammond from introducing evidence of any portion of a bill that has been contractually adjusted, reduced, or otherwise written off because these amounts are not part of Ms. Hammond's damages. The court will revisit this issue should the parties not reach a stipulation regarding the amount of medical damages.

**12. Hearsay**

Drs. Maturo and Grounds seek an order excluding hearsay testimony by Ms. Hammond and her family members regarding the amount of fluid Ms. Hammond's physicians said was removed from her abdomen during her appendectomy. Ms. Hammond does not dispute the general rule that hearsay is inadmissible unless one of the exceptions to the hearsay rule applies.

Rather than enter an order merely restating the hearsay rule and exceptions thereto, the court denies without prejudice the request to exclude these statements. The court will be in a better position to evaluate specific hearsay objections at trial. Defendants may make a renewed objection at trial.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion in Limine (ECF No. 78) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendant EM Specialists, P.A.'s Motion and Memorandum in Support of its Motions in Limine (ECF No. 74) are granted in part and denied in part.

**IT IS FURTHER ORDERED** that Defendants Sharon L. Maturo, M.D. and Carrie A. Grounds, M.D.'s Motions in Limine (ECF No. 77) are granted in part and denied in part.

**IT IS SO ORDERED.**

Dated this 2nd day of July, 2015, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge